UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
David Murphy,

                            Plaintiff,                **MEMORANDUM & ORDER**
                                                                                22-CV-06568 (DG) (PK)

      -against-

Genesis Detox of Brooklyn LLC MSW IP and
Monte (Unknown)/Intake Counselor,

                            Defendants.
-------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       In October 2022, Plaintiff David Murphy, proceeding *pro se* and incarcerated at Franklin Correctional Facility in Malone, New York, filed this action, which appears to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Genesis Detox of Brooklyn LLC MSW IP ("Genesis Detox") and an intake counselor identified as "Monte" ("Intake Counselor"). *See generally* Complaint ("Compl."), ECF No. 1.[1]  In November 2022, Plaintiff moved for leave to proceed *in form pauperis*.  *See* ECF No. 5.

       Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 5.  After reviewing Plaintiff's Motion and Complaint, the Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set forth below, dismisses the Complaint in its entirety but grants Plaintiff leave to file an Amended Complaint by **July 10, 2023**.

---

[1] References to the Complaint are to the page numbers generated by the Court's electronic case filing system ("ECF").

## BACKGROUND[2]

Plaintiff's claims arise from events that are alleged to have occurred on or about September 16, 2021 during an intake interview at Genesis Detox of Brooklyn LLC MSW IP, which Plaintiff alleges is a detox center located in Brooklyn, New York.

Plaintiff alleges that Defendant Intake Counselor engaged in inappropriate touching, made certain sexually explicit requests, and was overheard and "pulled out of the room by the Director." Plaintiff attaches to the Complaint a "Notice to Vulnerable Person or Personal Representative of Investigation Determination" from the New York State Justice Center for the Protection of People with Special Needs, reflecting a substantiated allegation stemming from events that occurred on or about September 16, 2021 at Genesis Detox of Brooklyn LLC MSW IP. The notice indicates that "[t]he investigation revealed the subject failed to maintain professional boundaries with the service recipient."

Plaintiff alleges that as a result of the alleged conduct, he has suffered, *inter alia*, mental and emotional distress. Plaintiff seeks monetary damages of $3-5 million against Defendant Genesis Detox in its "individual capacity," punitive damages of $3-5 million against Defendant Genesis Detox in its "official capacity," monetary damages of $3-5 million against Defendant Intake Counselor in his "individual capacity," and punitive damages of $3-5 million against Defendant Intake Counselor in his "official capacity."

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to

---

[2] The factual allegations described in this section are drawn from Plaintiff's Complaint, liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

The Prison Litigation Reform Act ("PLRA") requires a district court to screen civil complaints brought by a prisoner against a governmental entity or against an officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and requires a district court to dismiss a plaintiff's complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b). The *in forma pauperis* statute requires courts to dismiss for the same reasons. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) (applying both § 1915A and § 1915(e)(2) to a prisoner's complaint in a case in which the prisoner proceeded *in forma pauperis*).

When conducting the review required by the PLRA and the *in forma pauperis* statute, a court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor" when reviewing a complaint pursuant to 28 U.S.C. § 1915A); *Leybinsky v. Iannacone*, 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C.

§ 1915(e)(2), the allegations in the complaint must be taken as true."). "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quotation marks omitted).

## DISCUSSION

### I.  Plaintiff's Section 1983 Claims

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[3] To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id*. (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted).

The Complaint, even liberally construed, does not allege that Genesis Detox is a state entity. *See generally* Compl. In certain limited circumstances, however, private individuals and

---

[3] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

entities can be considered to be acting under color of state law in the context of Section 1983. *See Reaves v. Dep't of Veterans Affs.*, No. 08-CV-01624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009), *as corrected* (Jan. 14, 2009). Here though, Plaintiff has, *inter alia*, failed to sufficiently allege facts that would support the conclusion that Genesis Detox or Intake Counselor were acting under color of state law. Plaintiff has not plausibly alleged that the actions of Genesis Detox or Intake Officer are "fairly attributable" to the state. *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) (discussing tests courts use to identify state actions and state actors in the Section 1983 context and concluding that "[t]he fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state" (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))); *see also Velez v. SES Operating Corp.*, No. 07-CV-10946, 2008 WL 2662808, at *2 (S.D.N.Y. July 3, 2008) ("[T]he fact that defendants operate a drug and alcohol rehabilitation facility treating many parties who as a condition of their parole and/or criminal guilty plea undergo some drug and alcohol treatment . . . is [not] suggestive of state action.") (quotation marks omitted); *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 147-48 (2d Cir. 2020) (noting, in context of discussing plaintiff's Section 1983 claim, that defendant, a drug treatment facility, "is a private entity that cannot be said to have engaged in state action"). Because Plaintiff has not, *inter alia*, plausibly alleged that Defendants Genesis Detox and Intake Counselor acted under color of state law, his Section 1983 claims against them cannot stand.

Plaintiff's Section 1983 claims against Defendants Genesis Detox and Intake Counselor are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

5

## II. Leave to Amend

The Court grants Plaintiff leave to file an Amended Complaint by **July 10, 2023**. *See, e.g.*, *Banks v. Schumer*, No. 15-CV-01078, 2015 WL 1928795, at *1 (E.D.N.Y. Apr. 28, 2015) ("[A] *pro se* complaint should not be dismissed without granting the plaintiff leave to amend 'at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795-96 (2d Cir. 1999))). To the extent that Plaintiff files an Amended Complaint alleging Section 1983 claims, such Amended Complaint must contain, at a minimum, sufficient facts to permit any defendants named therein to understand which federal rights Plaintiff claims to have been deprived of, how, and by whom, and must sufficiently allege action *under color of state law*. Plaintiff is advised that any Amended Complaint will replace entirely the current Complaint. Thus, any fact included in the current Complaint that Plaintiff seeks to have the Court consider when reviewing the Amended Complaint must also be contained in the Amended Complaint. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 22-CV-06568.

## CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis,* ECF No. 5, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Plaintiff is granted leave to file an Amended Complaint by **July 10, 2023**. If Plaintiff fails to file an Amended Complaint by **July 10, 2023** or files one that does not comply with this Order, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail to Plaintiff: (1) a complaint form; and (2) a copy of this Order.

SO ORDERED.

                                                   */s/ Diane Gujarati*
                                                   DIANE GUJARATI
                                                   United States District Judge

Dated: June 8, 2023
      Brooklyn, New York